836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy Toney MORTON, individually and as Administratrix of
the Estate of Charles Sherman Morton, Plaintiff-Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee,
Barfield Printing Company, Defendant.
 No. 87-2004.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1987.
Decided Dec. 15, 1987.
 
 Fletcher Smith, Jr. for appellant.
 John Bowman, McLeod (Haynesworth, Marion, McKay & Guerard on brief), for appellees.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dorothy Toney Morton, individually and as Administratrix of the Estate of Charles Sherman Morton, appeals the entry of summary judgment for New York Life Insurance Company and the dismissal of Barfield Printing Company on breach of contract claims. We affirm.
 
 
 2
 Morton, a citizen of South Carolina, initiated this action against New York Life in South Carolina state court. New York Life, incorporated and principally doing business in a state other than South Carolina, removed the case to federal court under 28 U.S.C.A. Sec. 1441 (West 1973 & Supp. 1987) on the ground of diversity of citizenship. Morton subsequently filed an amended complaint, naming as an additional defendant decedent's former employer Barfield Printing, a South Carolina business, and moved to remand the case to state court for lack of diversity jurisdiction. The district court effectively denied the motion by dismissing claims pending against Barfield Printing. We find no error in the denial, inasmuch as the court had not authorized the amendment and the amended complaint had not been served on Barfield Printing.
 
 
 3
 Morton alleged that New York Life refused to pay benefits due under a group life insurance policy with Barfield Printing. It is uncontradicted that no policy had been issued to the deceased and that in fact, he was uninsurable. However, Morton claimed that New York Life waived its right to deny coverage. The district court properly granted summary judgment to New York Life, for under South Carolina law, the doctrine of waiver cannot create insurance coverage where none existed. Pitts v. New York Life Insurance Co., 247 S.C. 545, 551, 148 S.E.2d 369, 371 (1966); Alverson v. Minnesota Mutual Life Insurance Co., 287 S.C. 432, 434, 339 S.E.2d 140, 142 (Ct. App. 1985).
 
 
 4
 AFFIRMED.